UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SARAH BATHRICK,
          - Plaintiff

          v.                         CIVIL NO.
                                     3:11-CV-00101 (VLB)(TPS)
MICHAEL J. ASTRUE,
COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION
          - Defendant

## MAGISTRATE JUDGE'S OPINION

The plaintiff, Sarah Bathrick, brings this action pursuant to Section 205(g) of the Social Security Act. See 42 U.S.C. § 405 (g). Bathrick has moved for an order reversing the Commissioner's decision or, in the alternative, an order remanding this case back to the SSA for further proceedings (**Dkt. #13**). The defendant has moved for an order affirming the Commissioner's decision. (**Dkt. #18**). Bathrick raises four issues on appeal: (1) whether the Administrative Law Judge's ("ALJ") determination that Bathrick has an RFC to perform medium work was proper; (2) whether the ALJ's mental RFC determination properly considered the GAF ratings; (3) whether the ALJ properly followed the requirements of SSR 00-4p; and (4) whether the ALJ properly evaluated the Bathrick's credibility. For the reasons set forth below, Bathrick's motion should be **GRANTED** in part, and **DENIED** in part. It should be **GRANTED** to the extent that it seeks a remand for further proceedings. It should be **DENIED** to the extent it

seeks an order reversing the decision of the Commissioner.  The defendant's motion to affirm should be **DENIED**.  28 U.S.C. § 636 (b)(1)(A).

## II. FACTUAL AND PROCEDURAL BACKGROUND

Sarah Bathrick was born on August 27, 1952, and has completed high school. (Tr. 29, 156).  Bathrick has worked as a clothes sorter, packager, and injection machine operator.  She alleges that a combination of peripheral neuropathy, anxiety, depression and other impairments have rendered her unable to perform substantial gainful activity since September 15, 2008.  Pl.'s Mem. 9.  Bathrick has been hospitalized various times for mental health treatment relating to anxiety, depression, and suicidal ideation.  <u>See</u>, <u>e.g.</u>, (Tr. 426, 295, 313-15, 295-97).  Medical records indicate that Bathrick has suffered from depression since her teens and that she was diagnosed with bi-polar affective disorder with a history of domestic violence. (Tr. 429-30).

In addition to her mental impairments, Bathrick suffers from nerve damage in her right leg that resulted from a spider bite in 2008.  (Tr. 34).  Doctors diagnosed this condition as neuropathy and treated it with physical therapy, Lidoderm pain patches, and neurontin.  (Tr. 298-301, 317).  Bathrick alleges that, as a result of her neuropathy, she experiences pain and numbness in

her right foot that prevents her from sitting or standing for any length of time. (Tr. 35).

As a result of these impairments, Bathrick filed an application for Disability Insurance Benefits ("DIB") and Social Security Insurance ("SSI") on April 7, 2009. The Commissioner denied those claims on September 9, 2008. (Tr. 95-102). Bathrick then filed a request for reconsideration of the Commissioner's denials. (Tr. 95-102). The Commissioner denied the claims again on December 9, 2009. (Tr. 107-9). Bathrick requested a hearing before an ALJ and the hearing was held on July 29, 2010. (Tr. at 26-49). The ALJ issued a decision denying Bathrick's requests for benefits on August 26, 2010. (Tr. 10-25). The Decision Review Board denied Bathrick's claim on November 29, 2010 and Bathrick now appeals to this Court.

## II. STANDARD OF REVIEW

The ALJ must apply a five-step sequential evaluation process to each application for disability benefits. See 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ determines whether the claimant is employed. If the claimant is unemployed, the ALJ proceeds to the second step to determine whether the claimant has a severe impairment that prevents him from working. If the claimant has a severe impairment, the ALJ proceeds to the third step to determine whether the impairment is equivalent to an

impairment listed in 20 C.F.R. pt. 404, subpt. P, App. 1.  If the claimant's impairment meets or equals a listed impairment, the claimant is disabled.

If the claimant does not have a listed impairment, however, the ALJ proceeds to the fourth step to determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant cannot perform his past relevant work, the ALJ proceeds to the fifth step to determine whether the claimant can perform any other work available in the national economy in light of the claimant's RFC, age, education, and work experience.  The claimant is entitled to disability benefits only if he is unable to perform other such work.

The claimant bears the burden of proof as to the first four steps, while the Commissioner bears the burden of proof as to the fifth step.  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008). "A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by substantial evidence or if the decision is based on legal error . . . .  Substantial evidence means more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Burgess v. Astrue, 537 F.3d 117, 127 (2d Cir. 2008).  As long as there is substantial support for the decision in the record, any evidence

in the record which could have supported a different conclusion does not undermine the Commissioner's decision. <u>Alston v. Sullivan</u>, 904 F.2d 122, 126 (2d Cir. 1990).

### III. DISCUSSION

**A. Summary of the ALJ's Decision**

Applying the five-step sequential analysis for disability claims outlined above, the ALJ concluded at step one that Bathrick "has not engaged in substantial gainful activity since September 15, 2008," the date of Bathrick's alleged disability onset date. (Tr. 16). At step two, the ALJ found that Bathrick suffered from peripheral neuropathy, anxiety, and depression." (Tr. 16). At step three, the ALJ determined that the medical record failed to support a finding that Bathrick had "an impairment or combination of impairments that meets or medically equals one of the listed impairments" in Appendix 1 of the regulations. (Tr. 16). In support of the determination at step three, the ALJ noted that Bathrick could "talk on the phone on a daily basis," that "she attends regular meetings," and "is able to go out alone and shop often." (Tr. 17). The ALJ stated that a "recent mental status assessment revealed the claimant to be oriented with an intact thought process and only minimal impairment of insight and judgment." (Tr. 17).

Before preceding to steps four and five, the ALJ evaluated the entire record in order to determine the claimant's RFC. The ALJ considered all symptoms and the extent to which those symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. (Tr. 18). Following the two-step standard, the ALJ found that Bathrick's "medically determinable impairments could reasonably be expected to produce the alleged symptoms; however, the [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the" RFC assessment in the record. (Tr. 18).

In order to support his determination, the ALJ reviewed the relevant medical evidence in the record beginning with Bathrick's history of pain in her right foot. (Tr. 18). According to the ALJ, the description of the symptoms and limitations that Bathrick provided throughout the record were unpersuasive. (Tr. 18). The ALJ found that Bathrick's daily activities are not limited to the extent one would expect, given Bathrick's complaints of disabling symptoms. (Tr. 18).

Next, the ALJ discussed Dr. Peter Rudzinsiy's November 2008 record that noted Bathrick's condition was improving with treatment. (Tr. 19). The ALJ then noted that more recent

-6-

medical records indicate significant improvement with no motor weakness in Bathrick's right foot. (Tr. 19).

The ALJ then reviewed Bathrick's psychological treatments records and found that she retained the ability to perform jobs involving simple, routine, repetitive tasks with short simple instructions and few workplace changes. (Tr. 17). The ALJ noted that Bathrick generally reported feeling well, without suicidal thoughts. The ALJ also found that Bathrick's mental condition is stable when she complies with prescribed treatment. (Tr. 19). The ALJ also addressed an examination of Bathrick by Dr. Thomas Hill on behalf of the SSA and noted that the plaintiff was found to have a severe mental impairment but retained the ability to carry out simple instructions and maintain sufficient concentration to complete a work day with normal breaks. (Tr. 20).

The ALJ then went on to determine the weight to be given to medical opinions in the record. (Tr. 20). The ALJ gave "little weight" to Dr. Sampson and Dr. Connolly's medical opinions, reasoning that they were not supported by more recent medical evidence. (Tr. 20). The ALJ found Dr. Hill's opinion to be well supported by the objective medical evidence and accordingly gave it "great weight." (Tr. 20). The ALJ gave Dr. Hill's opinion

"great weight" based on the fact that treatment notes and medical evidence in the record supported his opinion.  (Tr. 20).

Based on this analysis, the ALJ concluded that Bathrick's RFC enabled her to do "medium work, limited to jobs involving simple, routine, repetitive tasks with short simple instructions and few workplace changes."[1]  After making this finding, the ALJ proceeded to step four and concluded that Bathrick was able to perform her past relevant work, which included jobs as a sorter and a packer, and therefore, was not disabled as defined by the Social Security Act.

## B. Analysis

The ALJ's denial of Bathrick's SSI claim hinged primarily upon his determination that she retained the RFC to perform medium work. This was critical to Bathrick's claim because the vocational expert defined all of her past relevant work as "unskilled medium."  (Tr. 45).  In response to a hypothetical posed by the ALJ, the Vocational Expert testified that an individual who can work at the medium level, but is limited to jobs involving simple, routine, repetitive tasks with short simple instructions and few workplace changes would be able to

---

[1]   Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds.  20 C.F.R. § 404.1567(c).

-8-

perform all of Bathrick's past relevant work.   (Tr. 45-46).
Conversely, the vocational expert stated that none of Bathrick's
past relevant work would be available to someone with an RFC less
than medium.   (Tr. 46).   If the ALJ had determined Bathrick
possessed an RFC less than medium, she would not have been able
to perform her past relevant work, and therefore, would be
considered disabled under Grid Rule 202.04.

On appeal, Bathrick claims the ALJ's RFC finding was not
supported by substantial evidence in the record.   Specifically,
Bathrick argues that the record does not contain any evidence
suggesting an ability to lift 50 pounds.   The defendant concedes
this point,[2] but nevertheless argues that the case does not
warrant remand because the record lacks evidence contradicting
the ALJ's RFC finding.   Essentially, the Commissioner argues that
Bathrick failed to meet her burden because she did not produce
evidence that proves an inability to perform medium work.[3]

A review of the record does not provide much guidance on the
question of Bathrick's physical limitations with regard to her

---

[2] "Although there is no medical opinion in the record directly
supporting (nor contradicting) the ALJ's finding that the plaintiff
could perform medium work, such finding does not warrant remand in
the instant case."   Def's Mem in Opp. 6.

[3] The claimant bears the burden of proof for the first four
steps of the sequential evaluation process.   Kohler v. Astrue, 546
F.3d 260, 265 (2d Cir. 2008).

ability to lift or carry specific amounts of weight.  The medical records and opinions are limited to ambiguous statements describing "improvement" in Bathrick's condition.  <u>See</u> (Tr. 272, 324, 369).  While it may be true that Bathrick's condition improved, these medical opinions do not provide enough evidence to support the conclusion that Bathrick can perform medium work.  The ALJ rendered the RFC finding without reference to a medical opinion that specifically described Bathrick's physical limitations.  Further, Bathrick's daily activities, which were described at the hearing as going to coffee, grocery shopping, and household chores, do not support an RFC finding of medium.  Without further evidence specifically relating to Bathrick's physical limitations, it is impossible to make an accurate RFC determination.

Given the deficiencies in the record as outlined above it is recommended that this case be remanded for further proceedings.  Remand is "appropriate where, due to inconsistencies in the medical evidence and/or significant gaps in the record, further findings would . . . plainly help to assure the proper disposition of [a] claim."  <u>Kirkland v. Astrue</u>, 2008 WL 267429, at *8 (E.D.N.Y. Jan. 29, 2008).  Such is the case here.  As preciously noted, the record is completely void as to Bathrick's physical limitations and ability to lift up to fifty pounds.

However, despite this critical hole in the record, the ALJ failed to avail himself of the several avenues available to him in an attempt to obtain the necessary medical evidence. The ALJ failed to re-contact Bathrick's treating physicians, failed to obtain an SSA consultative examination, and failed to request the opinion of a medical expert on the issue of lifting and carrying. Because of the inadequacies in the record, the ALJ's RFC finding is necessarily flawed.

On remand, the ALJ is directed to obtain the necessary medical opinions regarding Bathrick's physical limitations, including her abilities to perform the tasks required by medium level jobs. The ALJ shall first re-contact Bathrick's treating physician, Dr Rudzinskiy. 20 C.F.R. § 404.1512(e)(1). If Bathrick's treating physician is unable to provide the necessary evidence, the ALJ shall then attempt to obtain the evidence through other channels. To this end, the ALJ may obtain an SSA consultative examination. 20 C.F.R. § 404.1512(f). The ALJ may also request an opinion from a medical expert. 20 C.F.R. § 404.1527(f)(2)(iii). After obtaining the necessary medical opinions, the ALJ shall reconsider Bathrick's RFC and provide a rationale for the resulting assessment based on the evidence.

As the Court has recommended remand for failure to properly develop the record, it is not necessary to address Bathrick's

remaining contentions.   The Court will not recommend remand solely for calculation of benefits.   Rather, the Court recommends remand for further development of the record.   See Rosa v. Callahan, 168 F.3d 72, 82—83 (2d Cir. 1999).   ("[w]here there are gaps in the administrative record or the ALJ has applied an improper legal standard," the Second Circuit has indicated that remand "for further development of the evidence" is proper).

### IV. CONCLUSION

For the foregoing reasons, the magistrate judge recommends that Bathrick's motion be **GRANTED** in part, and **DENIED** in part. It should be **GRANTED** to the extent that it seeks a remand for further proceedings and it should be **DENIED** to the extent it seeks an order reversing the decision of the Commissioner.   The defendant's motion to affirm should be **DENIED**.   Either party may timely seek review of this opinion and recommendation in accordance with Rule 72 (b) of the Federal Rules of Civil Procedure.   Fed. R. Civ. P. 72 (b).   Failure to do so may bar further review.   28 U.S.C. § 636 (b)(1) (B); Small v. Sec'y of Health & Human Services, 892 F.2d 15, 16 (2d Cir. 1989).

**Dated at Hartford, Connecticut, this 9th day of March, 2012.**


**/s/ Thomas P. Smith**
**THOMAS P. SMITH**
**UNITED STATES MAGISTRATE JUDGE**