UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


**SARAH BATHRICK,**
      **Plaintiff**

   **v.**                                             **Civil No. 3:11-cv-00101 (VLB)**

**MICHAEL J. ASTRUE, COMMISSIONER**
**SOCIAL SECURITY ADMINISTRATION**

      **Defendant**


## RULING ON MOTION FOR ATTORNEY'S FEES

Pending is plaintiff's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (d)(1)(A) [doc. #27] in the amount of $16,443.96. The Commissioner does not contest that the plaintiff is the prevailing party. Nor does the Commissioner contest that there is substantial justification for an award of attorney fees in this case. However, the Commissioner argues that the hourly rate the plaintiff seeks is too high and that the number of hours that the plaintiff has billed on this case is unreasonable. This Court disagrees.

The Commissioner challenges the hourly rates that the plaintiff seeks for hours he billed in 2010, 2011 and 2012. Under the Equal Access to Justice Act ("EAJA"), the rate of compensation

1

is capped at $125 per hour, which may be adjusted upward to account for increases in the cost of living.  28 U.S.C. § 2412 (d) (2) (A). The plaintiff seeks cost of living increases resulting in an adjusted rate hourly of $188.35, based on the Consumer Price Index. See Harris v. Sullivan, 968 F.2d 263, 265 (2d Cir. 1992) (holding that "cost of living" is not defined in EAJA and is "properly measured by the Consumer Price Index").  The Commissioner argues that the plaintiff should have calculated separate hourly rates for each year work was performed, as opposed to applying a uniform rate across multiple years.  Accordingly, the Commissioner submits that the appropriate hourly rate for work performed in 2010, 2011 and 2012 according to the National Consumer Price Index is $175.06, $180.42 and $182.97, respectively.

Some judges in this district calculate separate increases in the cost of living from year to year, awarding a different rate for each year in which an attorney worked on a particular case.  See e.g., Ruling and Order Granting Mot. For Attorney Fees, Crossman v. Astrue, No. 3:08cv1823 (MRK) (D. Conn. Oct. 1, 2010), ECF No. 50. That approach no doubt results in fair compensation for services rendered; however, it also risks beholding attorneys to the exactitude of a pricing index and invites judicial intervention every time an attorney charges a few dollars more than the hourly rate prescribed by one of a number of contested billing metrics. See e.g., Taylor v. Astrue, No. 3: 09cv1791 (MRK) (D. Conn. May 9,

2011) (stating that "28 U.S.C. § 2412(d)(2)(A) does not specify how district court judges are supposed to go about calculating 'increase[s] in the cost of living' and declining to "conclusively decide which [cost of living index] should be used").

Although it is the plaintiff's burden to establish entitlement to a fee award, his hourly rate for work performed does not require adjustment simply because it differs slightly from a certain cost of living index.  Rather, this Court has discretion to determine what fee is "reasonable."  See Hensley v. Eckerhart, 461 U.S. 424, 433, 437 (1983).  This Court therefore joins in the practice of other judges in this district to permit attorneys to recover fees under the EAJA at a uniform rate across multiple years, so long as the fee charged is reasonable.  See, e.g., Lee v. Astrue, No. 3:09cv1575 (CSH) (JGM), 2011 WL 781108, at *3 (D. Conn. Feb. 28, 2011).

Despite the fact that a degree of pricing latitude with respect to attorney's fees is built into this discretionary standard, the Commissioner argues that the plaintiff's hourly rate is unreasonable because it is roughly *three* to *ten* dollars too high depending on the year in question.  Not to be deterred by a recent unfavorable ruling in Stanchfield v. Astrue, No. 3:09cv2105 (WWE), 2012 WL 1069174 (D. Conn Mar. 29, 2012), in which a court in this district expressly approved the plaintiff's hourly rate of $188.35, the Commissioner asks this court to use its judicial resources to

adjust the plaintiff's attorney's fees downward by the small amount requested.  This Court refuses to do so, and, accordingly, finds that the plaintiff's hourly rate of $188.35 is reasonable and appropriate.

The Commissioner also contends that the overall amount of time the plaintiff charges in this case is excessive.  The plaintiff billed 87.3 hours of work, which is greater than the amount of time other lawyers typically bill for social security cases.  "[C]ourts throughout the Second Circuit have consistently found that routine Social Security cases require, on average, between [twenty] and [forty] hours of attorney time to prosecute." Ledonne v. Astrue, No. 3:08cv1525 (PCD), at 7 (D. Conn. Apr. 6, 2010).  However, the Court is aware that the plaintiff spent approximately 20 hours to file a response to the Commissioner's motion to affirm the decision of the Commissioner.  While a response to a motion to affirm is certainly permitted, it is not common practice. See Stanchfield v. Astrue, No. 3:09cv2105 (WWE), 2012 WL 1069174 (D. Conn Mar. 29, 2012).  Nonetheless, a response in this instance was necessary in order for the plaintiff to distinguish cases cited in the Commissioner's motion to affirm, and appears all the more reasonable given the favorable result achieved by the plaintiff.

The plaintiff was also obliged to bill approximately four hours responding to the Commissioner's objection to this Court's recommended ruling, as well as an additional 12.7 hours to file a

reply to the Commissioner's motion in opposition to the plaintiff's request for attorney's fees.  The Court finds these expenditures reasonable in order to respond to the Commissioner's arguments. See Trichilo v. Secretary of Health and Human Services, 832 F.2d 743, 745 (2d Cir. 1987) (stating "plaintiff is entitled under the EAJA to recover all attorney's fees and expenses reasonably incurred in connection with the vindication of his rights, including those related to any litigation over fees, and any appeal").  These expenditures, together with the plaintiff's response to the Commissioner's motion to affirm, meant that the plaintiff spent over a third of the total hours billed on reasonable legal work not typically required in an "routine" social security case.  The plaintiff spent the majority of the balance, some 40 hours, on the motion for order reversing the decision of the Commissioner.  The Court has reviewed that thoughtful and well reasoned motion and finds that the plaintiff has sustained his burden of establishing entitlement to the fee for the amounted billed.

The Court has carefully considered this motion, memoranda in support and opposition, as well as the plaintiff's affidavit and time records, and finds that plaintiff's hourly rate ($188.35) and hours expended (87.3) are reasonable. Accordingly, the plaintiff's motion for an award of attorney's fees and costs pursuant to the Equal Access to Justice Act [doc. #27] is **GRANTED.**  The Court

award's plaintiff attorney's fees in the amount of $16,442.96.[1] The fees may be paid directly to plaintiff's counsel pursuant to the Assignment of EAJA Fees if it is shown that the the plaintiff owes no debt to the government that would be subject to offset. See Astrue v. Ratliff, 130 S.Ct. 2521 (June 14, 2010) (holding attorney's fees awarded under the EAJA are subject to offset to satisfy claimant's pre-existing debts to the government).

This is not a recommended ruling.  This is a ruling on attorney's fees and costs which is reversible pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed.R.Civ.P. 72 (a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

**IT IS SO ORDERED.**

**Dated at Hartford, Connecticut, this  24th  day of September, 2012.**

/s/ Thomas P. Smith
**Thomas P. Smith
United States Magistrate Judge**

---

[1] The plaintiff seeks $16,443.96 for 87.3 hours of work performed at a billable rate of $188.35.  The plaintiff has miscalculated the sum by one dollar.  He is entitled to a total fee award of $16,442.96 for legal services rendered, not 16,443.96 as requested.