UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SARAH BATHRICK, : | |
|     Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | |
| : | 3:11-CV-00101-VLB |
| MICHAEL J. ASTRUE, : | |
|     Defendant. : | June 23, 2015 |

## ORDER RULING ON DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S ORDER GRANTING ATTORNEY FEES

Defendant Commissioner of the Social Security Administration ("Commissioner") objects to Magistrate Judge Thomas P. Smith's ruling on plaintiff Sarah Bathrick's motion for attorney fees. For the following reasons, the Commissioner's objection is OVERRULED, in part, and SUSTAINED, in part; Judge Smith's ruling is AFFIRMED, in part, and REVERSED, in part; and attorney fees are REDUCED to $12,293.72.

## BACKGROUND

The Court presumes the parties' familiarity with the underlying facts and procedural history of the case, but provides the following synopsis. In January 2011, Bathrick commenced the present action seeking judicial review of the Commissioner's final decision, which denied Bathrick disability insurance benefits and supplemental security income benefits under the Social Security Act. ECF, doc. 1 (Compl.) at 1. Following briefing by the parties, Judge Smith recommended granting Bathrick's motion to remand, denying her motion for reversal, and denying the Commissioner's motion to affirm the final decision. ECF, doc. 23 (R&R). The Court, after further briefing by the parties, adopted the

1

recommended ruling, in relevant part, granting Bathrick's motion to remand, denying her motion for reversal, and denying the Commissioner's motion to affirm.  ECF, doc. 26 (Order).

Bathrick thereafter moved for attorney fees under the Equal Access to Justice Act ("EAJA"), which the Commissioner opposed.  ECF, docs. 27 (Mot.); 28 (Opp'n).  Judge Smith ordered the parties to confer amongst themselves and attempt to resolve the matter without judicial intervention.  ECF, doc. 29 (Text Order).  Because the parties were unable to reach an agreement, Judge Smith issued an order, which is the subject of this opinion, granting $16,442.96 in attorney fees.  ECF, doc. 35 (Order) at 5-6.  Judge Smith approved Bathrick's request to apply a uniform rate, rejecting the Commissioner's argument that Bathrick's counsel should be paid a separate rate for calendar years 2010, 2011, and 2012.  *Id.* at 2.  Rejecting the Commissioner's argument that the requested hourly rate was too high, Judge Smith ruled that $188.35 per hour was reasonable because another court in this district had approved the same hourly rate just a few months earlier.  *Id.* at 3 (citing *Stanchfield v. Astrue*, No. 3:09-cv-2105-WWE, 2012 U.S. Dist. LEXIS 43894, at *3 (D. Conn. Mar. 29, 2012)).  Judge Smith also found that the number of hours expended by Bathrick's counsel, 87.3, was reasonable.[1]  *Id.* at 5.

---

[1] This Court's own review of counsel's invoices show that counsel in fact billed 88.6 hours to this case at the time of Judge Smith's opinion.  This Court will therefore rely on the 88.6 number in this opinion.

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 72, a party may object to a magistrate judge's ruling, and the district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law."); D. Conn. L. Civ. R. 72.2(b). Further,

> A district court is justified in finding a magistrate judge's ruling clearly erroneous where, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. Given such a highly deferential standard of review, magistrate judges are afforded broad discretion[,] and reversal is appropriate only if that discretion is abused.

*Beck v. Astrue*, 2013 U.S. Dist. LEXIS 103205, at *2 (D. Conn. July 24, 2013) (quoting *Burgos v. Astrue*, 2011 U.S. Dist. LEXIS 28253, at *3 (D. Conn. Mar. 18, 2011)).

The EAJA directs a court to award "fees and other expenses" to a private party who prevails in an action against the United States unless the United States' position was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The fee applicant bears the burden of establishing entitlement to attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The district court determines what fee is "reasonable." *Id.* at 433.

It is undisputed that Bathrick timely moved for attorney fees and was the prevailing party in this action. Bathrick argues that the Commissioner's position

3

was not substantially justified, which shifts the burden to the Commissioner to show that his position was substantially justified. *See, e.g., Diaz v. Astrue*, 2007 U.S. Dist. LEXIS 52861, at *4 (D. Conn. Jun. 26, 2007). The Commissioner has neither argued that his position was substantially justified nor asserted that special circumstances make an award of attorney fees unjust in this case. The Court itself knows of no such special circumstances, leaving the reasonableness of Bathrick's fee request as the only issue before the Court. The Commissioner relies on two arguments as the basis for his objection to Judge Smith's ruling: (I) the rate awarded was too high; and (II) the number of hours billed was excessive and should be reduced. The Court addresses each argument in turn.

I.  Rate Charged

The EAJA expressly provides that "attorney fees shall not be awarded in excess of $ 125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Cost of living" is not defined in the EAJA, but the Second Circuit has held that it is "properly measured by the Consumer Price Index." *Harris v. Sullivan*, 968 F.2d 263, 265 (2d Cir. 1992).

The Commissioner argues that the Court should reduce the hourly rate charged because the rate does not conform to the Consumer Price Index ("CPI"). He also objects to Judge Smith's decision to award a single rate for all hours worked by Bathrick's counsel and reiterates his argument that the Court should

apply a different rate for each calendar year in which services were performed, 2010, 2011, and 2012.

The Second Circuit has held that the cost of living adjustment allowed by the EAJA should be measured by the CPI, but it has not specified which CPI should be used.  More than one potential CPI is available, as there are both national and regional CPI indexes.  *See, e.g., Taylor v. Astrue*, 2011 U.S. Dist. LEXIS 49303, at *4 (D. Conn. May 9, 2011) (observing that neither statutory text nor the legislative history indicates which CPI Congress intended courts to apply).  The Commissioner relies on the national CPI index but does not explain why he chose the national index over the regional one.  Using the national CPI index, the Commissioner argues that the rate should be $175.06 for hours billed in 2010, $180.42 for hours billed in 2011, and $182.97 for hours billed in 2012.

The Court finds the Commissioner's argument unpersuasive.  The existence of a regional CPI attests to the propriety of its application.  Further, the regional CPI better indicates the actual costs of business borne by counsel. Attorneys have long considered the cost of practicing law to be a key factor in setting hourly rates. The alternative would make the practice of law uneconomical in high cost areas and reduce the already scant legal services available to persons of low socioeconomic status.

Attached to the Commissioner's memorandum in opposition to the motion for attorney fees is an exhibit containing four different CPI calculations: (1) a CPI titled "All Urban Consumers – (CPI-U) U.S. City Average All Items"; (2) a CPI titled "All Urban Consumers – (CPI-U) N.Y. – Northern N.J. – Long Island, NY-NJ-CT";

(3) a CPI titled "All Urban Consumers – (CPI-U) Philadelphia-Wilmington-Atlantic City, PA-NJ-DE-MD All Items; a CPI titled "All Urban Consumers – (CPI-U) Northeast Urban All Items."  ECF, doc. 28-1.  This Court finds the fourth CPI, titled "All Urban Consumers – (CPI-U) Northeast Urban All Items" to be the most reasonable in this case.  That CPI sets the following rates: $179.57 for hours billed in 2010, $185.04 for hours billed in 2011, and $187.31 for hours billed in 2012.[2]  *Id.*

The first invoice submitted by Bathrick shows that her counsel billed the following hours:[3] 1.8 hours in 2010, 47.2 hours in 2011, and 26.9 hours for 2012.  ECF, 23-2.  Her counsel then billed an additional 12.7 hours in July and August 2012 replying to the Commissioner's opposition to the motion for attorney's fees.  ECF, 22-1.  That brings the total number of hours billed in 2012 as of the time of Judge Smith's decision to 39.6.  Applying the regional CPI selected by the Court, Bathrick's counsel would be entitled to $323.23 for hours billed in 2010 ($179.57 multiplied by 1.8 hours worked); $8,733.89 for hours billed in 2011 ($185.04 multiplied by 47.2 hours worked); and $7,417.48 for hours billed in 2012 ($187.31

---

[2] The Court notes that the CPI charts submitted by the Commissioner in his June 2012 objection are current only as of March of 2012.  Thus, the average calculated for 2012 in each chart is based only on the months of January through March 2012.  As neither party has provided an updated chart in the briefing regarding Judge Smith's order, the Court will rely on the charts attached to the Commissioner's June 2012 objection.

[3] The Court notes a number of what appear to be typographical errors on counsel's invoice: on page 2 the first entry is dated 7/29/10, which given that it is listed with other entries from 2011 the court assumes is a scrivener's error and should be 07/29/11; on page 4, the entry for the "Legal Services for this EAJA Motion and Supporting Papers" is dated 06/11/11, but given that it was filed on 06/11/12, the Court assumes that is the correct date; finally, the invoice total is calculated as 74.6 hours, however, the Court's own calculation shows the total of that invoice to be 75.9.

multiplied by 39.6 hours worked); for a total fee award of $16,474.60. Judge Smith awarded $16,442.96 -- only $31.64 less than due to counsel under the method of calculation used above.

Although the Court agrees that it is likely more accurate to calculate attorney fees using a separate rate for each year, Judge Smith's decision to award a single rate was not clearly erroneous. Dividing the amount calculated by this Court, $16,474.60, by the total number of hours billed by Bathrick's counsel prior to Judge Smith's decision, 88.6, yields a rate of $185.94. That hourly rate represents a difference of less than 1.5% from the rate used by Judge Smith, $188.35. Because the difference is de minimis, the Court finds that Judge Smith's opinion was not clearly erroneous. The Court declines to split hairs by adopting its own calculation of the fees due at the time of Judge Smith's decision.

II.   Number of Hours Billed

With respect to the amount of hours billed by Bathrick's counsel, the Commissioner raises the following arguments: the amount of hours billed (A) is excessive; and (B) should be reduced because Bathrick prevailed on only one of the claims raised in her complaint. ECF, doc. 36 (Objection) at 3-5. Each argument is addressed in turn.

A. Overall Number of Hours

The Commissioner argues that "the average number of total hours an attorney works on a Social Security Disability case ranges between twenty and forty hours" and that, in this case, there are no novel or complex issues of law justifying the additional hours billed by Bathrick's counsel. *Id.* at 3 (citing *Poulin*

*v. Astrue*, 2012 U.S. Dist. LEXIS 9888, at *10 (D. Conn. Jan. 27, 2012) (quoting *Ledonne v. Astrue*, Dkt. No. 3:08-CV1525, doc. 43 (Order on Attorney Fees) at 7 (D. Conn. Apr. 6, 2010)). Specifically, the Commissioner challenges Judge Smith's ruling that it was reasonable for counsel to spend twenty hours responding to the Commissioner's motion to affirm and to spend four hours responding to the Commissioner's objection to Judge Smith's recommended ruling. *Id.* at 3-4.

The Commissioner's argument is unpersuasive. First, he cites no authority, and the Court knows of none, that sets a hard cap on the number of hours a litigant may bill to a Social Security case. As the Commissioner himself states, the twenty to forty hours estimate is an "average," which indicates that some cases may require less hours and some cases may require more hours. The Court is charged with awarding reasonable attorney fees, which requires a case-by-case analysis, understanding the order of magnitude implicit in the average number of hours. Second, the Commissioner merely reasserts the arguments from its original opposition to Bathrick's motion for attorney fees without identifying why Judge Smith's rejection of those arguments was erroneous. Judge Smith found that "over a third of the total hours billed" by Bathrick's counsel in this case were billed to "reasonable legal work not typically required in a 'routine' social security case," and this Court sees no error in this ruling. As the Commissioner acknowledges, Judge Smith cites to valid precedent holding that "a motion to affirm is certainly permitted, [but] is not common practice." ECF, doc. 35 (Order) at 4 (citing *Stanchfield v. Astrue*, 2012 U.S. Dist.

8

LEXIS 43894, at *2 (D. Conn. Mar. 29, 2012)). Thus, Judge Smith's ruling with respect to the number of hours billed is not clearly erroneous.

### B. Reduction for "Limited Degree of Success"

The Commissioner argues that attorney fees should be discounted because Bathrick raised four distinct issues in her appeal to this Court but only prevailed on one of those issues. The Commissioner asserts that this argument was before Judge Smith, but Judge Smith failed to address it. ECF, doc. 36 at 4. As to the Commissioner's second point, although Judge Smith's opinion does not explicitly respond to the Commissioner's argument, that does not mean that Judge Smith failed to address it. In fact, Judge Smith stated in his opinion that he had reviewed Bathrick's motion for an order reversing the Commissioner's decision and that Judge Smith found the motion to be "thoughtful and well reasoned" and that "plaintiff has sustained his burden of establishing entitlement to the fee for the amount billed." ECF, doc. 35 at 5. Thus, Judge's Smith failure to explicitly address the Commissioner's argument does not, itself, render Judge Smith's opinion "clearly erroneous." The Court will now explicitly address that argument. It considers: (1) whether the law permits a fee reduction based on a limited degree of success; and (2) whether, and to what extent, such a reduction is appropriate here.

#### 1. Law Governing Fee Reduction

To support argument for reducing fees based on a limited degree of success, the Commissioner relies on *Cobb v. Astrue*, 2009 U.S. Dist. LEXIS 89436, at *8 (D. Conn. Sept. 2, 2009), in which that court reduced the fee award "[i]n light

of the limited success achieved." ECF, doc. 36 at 4-5. Bathrick argues that *Cobb* is distinguishable from this case and that "the case law is clear when the plaintiff is successful on one issue, the government is required to pay the attorney's fee for all the litigation." ECF, doc. 39 at 9. Bathrick, however, does not provide any citations in support of her latter position.

There is conflicting authority from other circuits as to whether attorney fees should be reduced in social security appeals to reflect unsuccessful claims. *Compare Dye v. Astrue*, 244 F. App'x 222, 223-24 (10th Cir. 2007) (holding that fee award in a social security appeal may not be reduced for limited degree of success), *and Eastman v. Astrue*, 2013 U.S. Dist. LEXIS 41860, at *11-12 (D. Ore. Jan. 25, 2013) (declining to reduce fee award in Social Security appeal where fee applicant was unsuccessful on three of five claims), *and Williams v. Astrue*, 2012 U.S. Dist. LEXIS 115052, at *9-10 (D. Ore. June 26, 2012) (declining to reduce fee award in social security appeal where fee applicant was "only partially successful, obtaining a remand on only one narrow issue," and finding that plaintiff "achieved the relief she sought, thereby obtaining an excellent result"), *with Jackson v. Astrue*, 2011 U.S. Dist. LEXIS 73499, at * (D. Ore. Jun. 28, 2011) (reducing plaintiff's fee award in social security appeal by 25% "to account for the unsuccessful, unrelated claim"), *and Stanfield v. Apfel*, 985 F. Supp. 927, 930 (D. Mo. 1997) (reducing fee request in Social Security appeal from 40.25 hours to 30 hours because of applicant's "partial success . . . and the number of hours generally spent by attorneys on other cases of this nature in this court").

Taking guidance from *Hensley* and *Commissioner v. Jean*, 496 U.S. 154 (1990), this Court holds that attorney fees may be reduced in some circumstances. In *Jean*, the Supreme Court considered whether the prevailing party seeking fees under the EAJA could recover the costs associated with preparing a fee application. 496 U.S. at 156. In ruling that attorneys could be compensated for preparing a fee application under the EAJA, the *Jean* court reasoned that the EAJA "favors treating a case as an inclusive whole." *Id.* at 161-62. This Court reads that instruction as aimed at the question of whether an applicant can receive attorney fees for the time required to prepare a fee application rather than a finding that a fee application may be discounted for unsuccessful claims. This is because the *Jean* court expressly provided that "once a private litigant has met the multiple conditions for eligibility for EAJA fees, the district court's task of determining what fee is reasonable is essentially the same as that described in [*Hensley*]." *Id.* at 160.

The portion of the *Hensley* opinion cited to support this point includes the *Hensley* court's instruction that the "results obtained" are an "important factor" to be considered by the district court in deciding whether a fee request should be adjusted upward or downward, and that "[t]his factor is particularly crucial where a plaintiff is deemed 'prevailing' even though he succeeded on only some of his claims for relief." *Hensley*, 461 U.S. at 434. Further, the *Hensley* court itself instructs that "[t]he standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing

party.'"  *Id.* at 433 n.7.   This Court will therefore follow the *Hensley* court's instructions in considering Bathrick's fee request.

The *Hensley* court identifies two categories to consider when determining whether to reduce a fee request based on the assertion of unsuccessful claims. The first category includes cases with "distinctly different claims for relief that are based on different facts and legal theories." *Id.* at 434-35.  In cases involving unrelated claims:

> Counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved. The congressional intent to limit awards to prevailing parties requires that these unrelated claims be treated as if they had been raised in separate lawsuits, and therefore no fee may be awarded for services on the unsuccessful claim.

*Id.* at 435 (internal quotation and citation omitted).

The second category contains cases with "claims for relief . . . involve[ing] a common core of facts or . . . based on related legal theories."  *Id.*  In cases involving a common core of facts or related legal theories:

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Id.*  For cases in the second category, the Court considers the quality of the results reached by the fee applicant.  If the applicant "obtained excellent results, his attorney should recover a fully compensatory fee."  *Id.*  If the applicant "achieved only partial or limited success," payment of the entire fee "may be an excessive amount."  *Id.* at 436.  Accordingly, fee reduction may be appropriate,

depending on the similarity of the claims for relief and to what extent the applicant was ultimately successful.

### 2. Application of Governing Law

The Court rules that Bathrick's appeal falls into *Hensley*'s second category, i.e., claims involving similar facts and legal theories. However, because Bathrick achieved only partial success, as the Court remanded the case for further proceedings instead of reversing the decision below, the Court will still reduce attorney fees. The remaining question is therefore the extent to which attorney fees should be reduced.

The Commissioner's objection to Judge Smith's ruling does not contain any specific recommendation with respect to how much the attorney fees should be reduced. Nonetheless, he argued in his opposition to the motion for attorney fees that counsel should only receive 25% of the requested fee because Bathrick succeeded with respect to only one of the four claims raised in her motion for reversal. ECF, doc. 28 at 7-9. In that opposition, the Commissioner relies on *Cobb*. *Id.*

However, the *Cobb* decision does not support reducing attorney fees with such a rote mathematical equation. The *Cobb* applicant requested compensation for 55.7 hours of work; Judge Kravitz reduced the compensable hours to 20. *Cobb*, 2009 U.S. Dist. LEXIS 89436, at *5, 9. In other words, despite the fact that the *Cobb* plaintiff prevailed on only one of four claims, Judge Kravitz awarded the applicant more than one third of the fees requested. Further, *Cobb* is

13

distinguishable from this case because Judge Kravitz found other deficiencies in the motion for attorney fees, beyond just the time spent on unsuccessful claims:

> [Petitioner's] fee petition includes certain uncompensable "overhead" expenses, such as the preparation of the representation agreement and the motion for an exemption from electronic filing. Second, Mr. Cobb's counsel seeks to be reimbursed for several tasks that are clerical or administrative in nature at attorney rates. Finally, the lack of detail in Mr. Cobb's petition, as well as the decision to bill in quarter-hour increments, makes it difficult to for the Court to discern accurately exactly how counsel spent most of the billed time.

*Cobb*, 2009 U.S. Dist. LEXIS 89436, at *6-7. It is unclear from Judge Kravitz's opinion what percentage of hours were eliminated from the fee award on account of plaintiff's unsuccessful claims and what percentage were eliminated because of the other deficiencies identified by Judge Kravitz. Here, the Commissioner does not argue that such other deficiencies exist, and neither Judge Smith nor this Court has identified any such deficiencies in Bathrick's counsel's invoice. The *Cobb* decision thus offers only limited guidance in determining how to reduce attorney fees.

A review of the invoice here reveals that it is not possible to determine precisely the number of hours counsel billed on each of the four claims. ECF, doc. 27-2. For example, only one of the entries in the invoice indicates that counsel worked on Bathrick's credibility claim, *id.*, although her memoranda contain a total of approximately three and a half pages devoted to the claim, *see* ECF, docs. 13; 29. That entry, dated February 22, 2012, shows 1.7 hours billed, which time is divided between work on two different claims, one of which is Bathrick's credibility claim. ECF, doc. 27-2. There is nothing in the record to

indicating that counsel purposefully omitted from the invoice the time spent on that claim.

The Court has nonetheless attempted to parse out the number of hours billed to each claim, filling in gaps with reasonable estimates where necessary, based on its own review of the record. The Court makes the following calculations of time allotted to each claim:

- Claim 1 ("RFC claim"): 7.6 hours are calculated by relying on entries dated October 4-6, 2011. There are also two other entries, from October 7 & 9, 2011, describing work on both the RFC and other issues. The Court will apply half of the time in each entry to the RFC claim, bringing the total to <u>11.75 hours</u>.

- Claim 2 ("GAF claim"): 10.3 hours are calculated by relying on four entries dated October 1, 2 & 10, 2011 and February 20, 2012. One other entry, dated September 17, 2011, describes work on both the GAF claim and another issue; the Court will apply half of the time in that entry to the GAF claim, bringing the total to <u>12.2 hours</u>.

- Claim 3 ("SSR 00-4p claim"): 4.1 hours are calculated by relying on an entry dated October 8, 2011. Three other entries, dated October 7 and 9, 2011, and February 22, 2012, describe work on both the SSR 00-4p claim and another issue. The Court will apply half of the time in those entries to the SSR 00-4p claim, bringing the total to <u>9.1 hours</u>.

- **Claim 4 ("credibility claim"):** Because, as noted above, the Court can discern only one comparatively small time entry in which hours were billed based on the credibility claim, the Court will assign that claim **11.0 hours**, which was calculated based on the average number of the hours (rounded down to the nearest tenth of an hour) assigned to the other three claims.

The Court reduces only those hours that it can identify as billed to unsuccessful claims and does not reduce hours that were spent on the matter generally. Further, the Court does not reduce any of the hours spent responding to the Commissioner's objection to Judge Smith's recommended ruling. It would be inequitable not to pay counsel for responding to the Commissioner's arguments because counsel may have otherwise been dissuaded from responding. The purpose of the EAJA is to ensure that the thorough and professional representation of counsel. Finally, the Court will not reduce the hours counsel billed based on the first fee application, as the vast majority of those hours were spent responding to the Commissioner's objections, and, as noted above, it would be inequitable to require Bathrick to leave those arguments unanswered.

The Court assigns a total of 32.3 hours to the three unsuccessful claims and reduces the fee award by those hours multiplied by the hourly rates the Court calculated above. Of the 32.3 hours, 23.05 hours were billed in 2011, and 9.25

were billed in 2012.[4]  Multiplying those hours by the hourly rates for 2011 and 2012 produces a fee reduction of $4,265.17 for hours worked in 2011, $1,732.62 for hours worked in 2012, and $5,997.79 for hours worked in 2011 and 2012.  The modified fee award is therefore $10,476.81 ($16,474.60 - $5,997.79), absent any additions.  Bathrick's counsel billed 9.7 more hours in October 2012 responding to the Commissioner's objection to Judge Smith's ruling.  ECF, doc. 39-2.  Applying the 2012 hourly rate of $187.31, the Court awards Bathrick an additional $1,816.91 for those 9.7 hours.  Consequently, the appropriate fee award is $12,293.72.

## CONCLUSION

For the above reasons, the Commissioner's objection is OVERRULED in part and SUSTAINED in part; Judge Smith's ruling is AFFIRMED in part and REVERSED in part; and the attorney fees are REDUCED to $12,293.72.  Bathrick is reminded that any attorney fees awarded under the EAJA are subject to offset to satisfy any pre-existing debts a party owes to the Government.  *See Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

IT IS SO ORDERED.

                                                           /s/             
                                            Hon. Vanessa L. Bryant
                                            United States District Judge

Dated at Hartford, Connecticut: June 23, 2015.

---

[4] As counsel's invoice does not identify which hours were billed to the credibility claim, the Court divides the 11.0 hours assigned to that claim evenly between 2011 and 2012.